FILED'06 APR 24 13:30USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK G. GUTIERREZ,            )
                               )
            Petitioner,        )       Civil No. 05-1770-HO
                               )
     v.                        )       O R D E R
                               )
CHARLES DANIELS, Superintendent,)
FCI Sheridan                   )
                               )
            Respondent.        )

Petitioner, an inmate at the Federal Correctional Institution at Sheridan, Oregon, brings this petition for relief pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Bureau of Prisons (BOP) violated his constitutional rights when it conducted a disciplinary review hearing on August 2, 2005.

While on release to home confinement, petitioner provided a urine sample for analysis on June 28, 2005. Halfway house staff received notice of a positive test on July 5, 2005. Because petitioner was not in custody at the time of the notice of a

positive test, the facility director obtained waiver from the BOP from the rule petitioner be served with an incident report within 24 hours of receiving the positive test results.

Petitioner was given notice of the positive test result on July 29, 2005, and he returned to the halfway house facility. On August 1, 2005, petitioner received an incident. A hearing was conducted before the Center Discipline Committee on August 2, 2005. At the hearing, petitioner presented no documentary evidence or witnesses, but denied drug use asserting that the sample must have been contaminated or the test was defective. The Committee determined that petitioner was guilty of drug use and recommended loss of 75% of petitioner's good time credits and a transfer to closer custody. The Committee provided petitioner with a written statement of the reasons for the findings and notified petitioner of his appeal rights.

Upon appeal, a disciplinary hearings officer concluded that the greater weight of evidence supported the Committee's determination and justified the recommended sanction. Petitioner asserts that the failure to notify him of the positive test within 24 hours of the staff's notice violates his due process rights.[1] Petitioner asserts that had he been given notice within 24 hours, he could have had re-test of the sample taken. Respondent asserts

---

[1] During the time period between the notice to the facility of the positive test results and the notice to plaintiff, petitioner provided five more samples for testing that did not test positive for drugs.

2 - ORDER

that because petitioner was not in custody and was a flight risk, the BOP and the U.S. Marshal needed time to coordinate petitioner's detention.

The full range of procedures for criminal proceedings need not, in all respects, be followed in disciplinary cases for prison inmates. Wolff v. McDonnell, 418 U.S. 539, 558-63 (1974). However, there are three general procedures that must be followed in a disciplinary action: (1) written notice of the charges must be given to the inmate to inform him of the charges and to allow him to prepare a defense at least 24 hours in advance of the hearing; (2) a written statement by the fact-finder as to the evidence relied on and reasons for the disciplinary action must be made; and (3) the inmate should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-66.

Notice is adequate when the prisoner is given opportunity to review the facts and other materials supporting the charge. Conner v. Sakai, 15 F.3d 1463, 1466 (9th Cir. 1993), *rev'd on other grounds sub nom*, Sandin v. Connor, 515 U.S. 472 (1995). The purpose of the notice requirement is to enable the prisoner to marshal a defense. The notice should include the number of the rule violated and a summary of the facts underlying the charge. See Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir. 1995). Due process is satisfied

3 - ORDER

if some evidence from which the conclusion to discipline can be deduced. See <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 454-56 (1985).

Petitioner received all the process that was due. The failure to provide petitioner with the test results within 24 hours of the BOP's notice did not violate petitioner's due process rights. The sample was submitted to Kroll Laboratory where it underwent two independent tests and measures were taken to ensure chain of custody, etc. Petitioner was provided with a copy of the test report and permitted to present evidence in his defense. Petitioner had the opportunity to contest the positive result and present evidence of defective test procedures. The test results were a sufficient basis for the imposition of discipline.

## CONCLUSION

For the reasons stated above, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this proceeding is dismissed.

DATED this 24th day of April, 2006.

_____
Michael R. Hogan
United States District Judge

4 - ORDER